# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DREW BELANI, KRISTEN BRODA, BRETT
BUDA, BEN DAVIS, TIM EDDY, BRITTANY
GARBER, MIKE MCLAIN, JOE ROSEN,
NATE SNYDER and JOE COCHOL

                Plaintiffs,

-vs-                                               Case No. 6:11-cv-703-Orl-31GJK

NEW YORK EMPIRE LACROSSE, LLC,
ROSE VALLEY INVESTMENTS, LLC,
GARY ROSENBACH and STEVE DONNER,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration, without oral argument, on the following motions:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANTS NEW YORK EMPIRE LACROSSE, LLC, ROSE VALLEY INVESTMENTS, LLC, AND STEVE DONNER** (Doc. No. 49) |
| **FILED:** | December 2, 2011 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

> **MOTION:** PLAINTIFF JOHN COCHOL'S UNOPPOSED MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANTS NEW YORK EMPIRE LACROSSE, LLC, ROSE VALLEY INVESTMENTS, LLC, AND STEVE DONNER (Doc. No. 52)
>
> **FILED:** December 12, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND

On April 27, 2011, Drew Belani, Kristen Broda, Brett Buda, Ben Davis, Tim Eddy, Brittany Garber, Mike McLain, Joe Rosen and Nate Snyder (hereafter "Plaintiffs"), filed a seven count Complaint arising out of Defendants', New York Empire Lacrosse, LLC (hereafter "Empire Lacrosse"), Gary Rosenbach (hereafter "Rosenbach") and Steve Donner (hereafter "Donner"), failure to pay them wages and properly administer their healthcare premiums. Doc. No. 1. Plaintiffs subsequently obtained clerk's defaults against Donner and Empire Lacrosse. Doc. Nos. 10, 13. On August 3, 2011, Rosenbach filed his responsive pleading. Doc. No. 17. On September 21, 2011, Plaintiffs filed their Amended Complaint, adding Joe Cochol (hereafter "Cochol") as a Plaintiff and Rose Valley Investments, LLC (hereafter "Rose Valley") as a Defendant. Doc. No. 29. On October 4, 2011, Rosenbach filed his responsive pleading to the Amended Complaint. Doc. No. 32.

In the Amended Complaint, Plaintiffs allege that Empire Lacrosse is a foreign limited liability company that did or does business as the Orlando Titans, a professional Lacrosse team based in Orlando, Florida, and is an "employer" as defined by the Fair Labor Standards Act (hereafter "FLSA"). Doc. No. 29 at 2, ¶ 5. Plaintiffs allege that Empire Lacrosse had or has employees

2

engaged in commerce and has or had an annual gross volume of sales exceeding $500,000. Doc. No. 29 at 3, ¶ 6.

Plaintiffs allege that Rose Valley is a foreign limited liability company that serves as Empire's managing or controlling member and is a proper defendant because it exercised operational control over Empire's day to day operations. Doc. No. 29 at 3, ¶ 7. Plaintiffs allege that Rose Valley is an "employer" as defined by the FLSA, had or has employees engaged in commerce, and has or had an annual gross volume of sales exceeding $500,000. Doc. No. 29 at 3, ¶¶ 7-8. Plaintiffs allege that Donner has an ownership interest in and served as Empire's president. Doc. No. 29 at 3 at ¶¶ 9-10. Plaintiffs allege that Rosenbach and Donner "ran Empire's day-to-day operations," controlled Empire's finances and operations, including the authority to hire, manage and set employment terms and conditions. Doc. No. 29 at 3-4, ¶ 10. Plaintiffs also allege that "Donner was responsible for personally supervising the Titans' Orlando, Florida office day-to-day operations during the entire 2010 season." Doc. No. 29 at 4, ¶ 12.

Plaintiffs allege they were hired by Defendants to work in the "development, maintenance, sales, and day-to-day operations of the Orlando Titans." Doc. No. 29 at 5, ¶ 19. Beginning in May 2010, Plaintiffs allege that Defendants stopped paying wages and other monies owed, but Defendants promised "they would eventually be paid for all work that they completed" and were instructed to continue working. Doc. No. 29 at 5, ¶¶ 20-21. Plaintiffs allege that Defendants intentionally misled them into believing they would eventually be paid when, in fact, Donner and Rosenbach were searching for investors to purchase the Orlando Titans. Doc. No. 29 at 7, ¶ 27. Plaintiffs allege that in August 2010, Donner and Rosenbach "skipped town, leaving a wake of unpaid employees and creditors behind." Doc. No. 29 at 7, ¶ 28. Plaintiffs allege Defendants did not pay them the federally

mandated minimum wage, overtime wages for hours exceeding forty (40) hours in a week, sales commissions and certain business expenses that were required to be reimbursed under the parties' employment contracts. Doc. No. 29 at 7, ¶¶ 29-34.

In Count I, Plaintiffs and Cochol allege they worked in excess of forty (40) hours per week during "August 2009 through late 2010," but Empire and Rose Valley did not pay them overtime compensation at one and one-half times their regular rate of pay, in violation of "Section 7 of the FLSA." Doc. No. 29 at 8, ¶ 37. In Count II, Plaintiffs and Cochol allege Empire and Rose Valley violated "Section 6 of the FLSA" by failing to pay them the federally mandated minimum wage from "August 2009 through late 2010." Doc. No. 29 at 9, ¶ 41.

Counts III and IV are asserted against Rosenbach and Donner and seek to recover unpaid minimum and overtime wages overtime wages. Doc. No. 29 at 10-11. Plaintiffs and Cochol allege that Rosenbach and Donner jointly owned and operated the "corporate Defendants' business affairs . . . were responsible for all business affairs" and exercised control over employees. Doc. No. 29 at 10-11, ¶¶ 45, 49. Plaintiffs and Cochol seek to recover back pay, unpaid minimum and overtime wages. Doc. No. 29 at 10-11, ¶¶ 46, 50.

In Count V, Plaintiffs and Cochol allege they entered into written or oral employment contracts "for certain wages, sales commissions, reimbursement of expenses, and other valuable consideration outlined in each employment agreement." Doc. No. 29 at 12, ¶ 54. Plaintiffs and Cochol allege Empire breached the contracts by "failing to pay Plaintiffs' agreed-upon wages, sales commissions, expenses, and other valuable consideration." Doc. No. 29 at 12, ¶ 55.

Count VI is asserted against all Defendants and seeks to recover for unjust enrichment. Doc. No. 29 at 12. Plaintiffs and Cochol allege they conferred a benefit on Defendants by working and

selling tickets. Doc. No. 29 at 12, ¶ 58. Plaintiffs and Cochol allege Defendants accepted this benefit, but failed to pay Plaintiffs and Cochol their wages and sales commissions. Doc. No. 29 at 12, ¶¶ 59-60. Plaintiffs and Cochol allege it would be inequitable to allow Defendants to accept and retain the benefits they bestowed without compensating them. Doc. No. 29 at 13, ¶ 61.

Donner was served with the original complaint on May 11, 2011. Doc. No. 9. On June 8, 2011, Plaintiffs obtained a clerk's default against Donner. Doc. No. 10. Empire was served with the original complaint on May 31, 2011, and a clerk's default was subsequently entered on June 28, 2011. Doc. Nos. 12-13. On October 17, 2011, Rose Valley was served with the Amended Complaint. Doc. No. 38. On November 2, 2011, Empire was served with the Amended Complaint. Doc. No. 39. On November 3, 2011, Donner was served with the Amended Complaint. Doc. No. 40. On November 17, 2011, Plaintiffs and Cochol obtained a clerk's default against Rose Valley. Doc. No. 45. On December 7, 2011, Plaintiffs and Cochol obtained clerk's defaults against Empire and Donner. Doc. Nos. 50-51.[1]

On December 2, 2011, Plaintiffs moved for a default judgment against Empire, Rose Valley and Donner (hereafter "Plaintiffs' Motion"). Doc. No. 49. Attached to Plaintiffs' Motion are affidavits from Plaintiffs. Doc. No. 49. On December 12, 2011, Cochol moved for a default judgment against Empire, Rose Valley and Donner (hereafter "Cochol Motion"). Doc. No. 52. The Cochol Motion is supported by an affidavit from Cochol.

---

[1] It appears that Plaintiffs' second motion an entry of a clerk's default against Empire and Donner was filed simply to add Cochol. Plaintiffs did not need to obtain a second clerk's default against Empire and Donner because the Amended Complaint did not add any claims and thus, did not need to be served on Empire and Donner.

## II. LAW

### A. Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55(a). Once a Clerk's default has been entered, a party may move for a default judgment pursuant to Rule 55(b)(2). A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987).

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). An employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

### B. Claims for Relief

An employee who claims her employer violated the FLSA must prove an employment relationship; the employee was engaged in commerce or the employer was an "enterprise" engaged

6

in commerce; the employer failed to pay minimum wage and overtime wages; and the employee is "owed the amount claimed by a just and reasonable inference." *Paulshock v. Innovation Learning Group, Inc.*, 6:05-cv-1415-Orl-DAB, 2008 WL 89771 at *4 (M.D. Fla. Jan. 7, 2008). In order for enterprise coverage to apply, "the enterprise must be engaged in commerce under the statute *and* must gross over $500,000 annually." *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x. 802, 805 (11th Cir. 2008) (emphasis in original). A corporate officer who exercises operational control over a covered enterprise qualifies as an "employer" under the FLSA and is jointly and severally liable with the employing corporation for unpaid wages and overtime violations under the FLSA. *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). This requires the corporate officer to "either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

To establish a breach of contract, a plaintiff must prove the parties had a contract, a material breach and damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). In an action for unjust enrichment, a plaintiff must establish he has conferred a benefit on the defendant; defendant knowingly and voluntarily accepted the benefit; and the circumstances make it inequitable for defendant to retain the benefit without paying plaintiff the value thereof. *Am. Moisture Control, Inc. v. Dynamic Bldg. Restoration, LLC*, 6:06-cv-1908-ORL-28KRS, 2008 WL 4107131 at *4 (M.D. Fla. Sep. 2, 2008). When a plaintiff establishes a breach of contract, "entitlement to additional damages under equitable theories is not warranted." *Id.*

### III. ANALYSIS

By virtue of the clerk's defaults, Empire and Rose Valley admit they are employers under the FLSA. Doc. No. 29 at 2-3, ¶¶ 5, 7. Empire and Rose Valley admit they are enterprises engaged in

commerce with an annual gross volume of sales exceeding $500,000. Doc. No. 29 at 3, ¶¶ 6, 8. Rose Valley also admits that it is Empire's managing or controlling member and exercises operational control over Empire. Doc. No. 29 at 3, ¶ 7. Donner admits that he "personally" supervised Empire's day-to-day operations and had the authority to hire, fire, set work schedules and pay rates of the employees. Doc. No. 29 at 4, ¶¶ 10, 12. Plaintiffs have sufficiently established that Empire, Rose Valley and Donner are employers under the FLSA.

By virtue of the clerk's defaults, Empire, Rose Valley and Donner admit they hired Plaintiffs and Cochol to work in the "development, maintenance, sales, and day-to-day operations of the Orlando Titans." Doc. No. 29 at 5, ¶ 19. Empire, Rose Valley and Donner also admit they failed to pay Plaintiffs and Cochol back wages, the federally mandated minimum wage and overtime wages as required by the FLSA. Doc. No. 29 at 7, ¶¶ 27, 29-31. Plaintiffs and Cochol have sufficiently established that Empire, Rose Valley and Donner violated the FLSA.

Empire, Rose Valley and Donner also admit they entered into written and oral employment contracts with Plaintiffs and Cochol, whereby they promised to pay wages, sales commissions, reimburse expenses and give other consideration. Doc. No. 29 at 12, ¶¶ 53-54. Empire, Rose Valley and Donner also admit they breached these contracts by failing to pay "Plaintiffs agreed-upon wages, sales commissions, expenses, and other valuable consideration." Doc. No. 29 at 12, ¶ 55. Thus, Plaintiffs and Cochol have sufficiently established that Empire, Rose Valley and Donner entered into and breached their employment contracts.

Attached to Plaintiffs' Motion and Cochol's Motion are affidavits setting forth their damages:

| Employee | Wages | Liquidated Damages | Sponsorship Comm'ns | Ticket Comm'ns | Expenses | Total |
|---|---|---|---|---|---|---|
| Belani | $6,795.36 | $6,795.36 | $7,957.08 | $371.30 | $2,500.00 | $24,419.10 |
| Broda | $4,370.41 | $4,370.41 | $0 | $1,660.51 | $0 | $10,401.33 |

8

| Buda | $5,343.63 | $5,343.63 | $0 | $1,372.67 | $300.00 | $12,359.93 |
| Davis | $3,572.86 | $3,572.86 | $0 | $5,490.69 | $0 | $12,636.41 |
| Eddy | $3,120.44 | $3,120.44 | $120.00 | $1,013.56 | $0 | $7,374.44 |
| Garber | $5,265.90 | $5,265.90 | $0 | $604.22 | $0 | $11,136.02 |
| McLain | $0 | $0 | $0 | $700.00 | $0 | $700.00 |
| Rosen | $2,427.01 | $2,427.01 | $0 | $3,844.56 | $22.13 | $8,720.71 |
| Snyder | $6,378.62 | $6,378.62 | $4,243.33 | $3,109.36 | $2,426.92 | $22,536.85 |
| Cochol | $4,803.50 | $4,803.50 | $0 | $0 | $1,000.00 | $10,607.00 |

Doc. Nos. 49, 49-1, 52, 52-1. Plaintiffs and Cochol do not seek, and their motions expressly exclude, attorneys' fees and costs. *See* Doc. Nos. 49 at 9-10, 50 at 9.

Based on the foregoing, the Court **RECOMMENDS** the following:

1. Plaintiffs' Motion be **GRANTED** on their claims for FLSA violations and breach of contract in the following amounts:

   a. Belani be awarded damages totaling $24,419.10;

   b. Broda be awarded damages totaling $10,401.33;

   c. Buda be awarded damages totaling $12,359.93;

   d. Davis be awarded damages totaling $12,636.41;

   e. Eddy be awarded damages totaling $7,374.44;

   f. Garber be awarded damages totaling $11,136.02;

   g. McLain be awarded damages totaling $700.00;

   h. Rosen be awarded damages totaling $8,720.71;

   i. Snyder be awarded damages totaling $22,536.85;

2. Cochol's Motion be **GRANTED** on his claims for FLSA violations and breach of contract in the amount of $10,607.00;

3. Plaintiffs' Motion and Cochol's Motion be **DENIED** on their unjust enrichment claims because they are not entitled to damages under these claims in light of their recovery under their claims for breach of contract. *See Am. Moisture Control, Inc.*, 6:06-cv-1908-ORL-28KRS, 2008 WL 4107131 at *4.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on December 30, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Parties